UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Devon Industrial Group, LLC,

      Plaintiff/Counter-Defendant,

v.                                   Case No. 11-10313

Demrex Industrial Services, Inc. and          Honorable Sean F. Cox
First Sealord Surety, Inc.,

      Defendants/Counter-Plaintiffs;

and

Demrex Industrial Services, Inc.,

      Third-Party Plaintiff/Counter-Defendant,

v.

Ford Motor Company,

      Third-Party Defendant/Counter-Plaintiff;

and

Ford Motor Company,

      Third-Party Plaintiff

v.

First Sealord Surety, Inc.,

      Third-Party Defendant.

_____/

**ORDER GRANTING
FIRST SEALORD'S MOTION FOR RECONSIDERATION
AND CLARIFYING PRIOR ORDER**

1

This Court referred several motions to Magistrate Judge Laurie J. Michelson.  It is apparent from the record that Magistrate Judge Michelson devoted substantial time and effort to the motions referred to her in this matter.  After extensive briefing by the parties and oral argument, Magistrate Judge Michelson issued a thorough and well-reasoned 25-page "Report and Recommendation on Ford's Motion to Discharge Demrex's Construction Lien [62] and Ford's Motion for Default Judgment Against Demrex and First Sealord [63] and Order on Demrex's Motion to Strike Joinder [79]."  (Docket Entry No. 104).   Magistrate Judge Michelson's recommendations were as follows:

> For the foregoing reasons, this Court RECOMMENDS that the District Court DENY Ford's Motion to Discharge Construction Lien of Demrex and for Sanctions (Dkt. 62), and Ford's Motion for Entry of Default Judgment and for Sanctions against Demrex and First Sealord for Violation of Order to Compel (Dkt. 63) to the extent they seek dismissal and default judgment.
>
> It remains, however, the Demrex and First Sealord did not fully comply with this Court's orders to compel.  Accordingly, the Court further RECOMMENDS that:
>
> (1) Demrex and First Sealord strictly comply with this Court's orders to compel by December 13, 2011, including providing full and complete responses to (a) Devon's First Document Requests to Defendant Demrex Industrial Services, Inc. (Dkt. 65, Ex. A), (b) Ford's First Requests for Production of Documents on Demrex and First Sealord (Dkt. 67, Ex. 2), and (c) Ford's Second Requests for Documents to Demrex and First Sealord (Dkt. 63, Ex. 2);
>
> (2) Demrex and First Sealord, by November 30, 2011, retain a vendor recommended by Ford and Devon to image every computer (including any server) containing documents pertaining to the Wixom plant project, including the Master Builder database and associated files.  Any data from Master Builder pertaining to projects other than the one at issue in this litigation will be viewed only by counsel of record and their experts. Leave of Court must be obtained prior to disclosing any such documents to Ford or Devon personnel.  The parties are to share the cost of the vendor as follows: two-thirds cost to Demrex, not to exceed $4,000, and remaining costs to be shared among Ford and Devon; and
>
> (3) The January 30, 2012 "fact discovery" deadline provided in the District Court's Scheduling Order (Dkt. 31) be extended by about 90 days to April 30,

2

2012, with the parties to agree on revising the dates for experts and mediation as they deem appropriate, so long as it does not impact the current dispositive motion cut-off or pre-trial and trial dates.

Further, Demrex and First Sealord are warned that further noncompliance with the Federal Rules pertaining to discovery or the Court's orders to compel (Dkts. 53, 54, 55) may result in dismissal of all claims with prejudice and the entry of default judgment in favor of Ford and Devon. The Court will tolerate no further unjustified delays for items subject to the Court's orders to compel.

(Docket Entry No. 104 at 23-24).

On December 1, 2011, Demrex Industrial Services, Inc. ("Demrex") filed Objections to

Magistrate Judge Michelson's Report and Recommendation ("R&R), asserting numerous

objections to the R&R.

In an Order issued on December 21, 2011, this Court overruled Demrex's various

Objections and ruled that:

With the exception of the dates for compliance and the additional protections that shall apply to any "Altchem documents," the Court ACCEPTS and ADOPTS the November 22, 2011 R&R. First Sealord shall comply with the directives in the November 22, 2011 R&R no later than December 28, 2011. Because there is currently an automatic bankruptcy stay as to Demrex, this Order is STAYED as to Demrex until such time as the bankruptcy stay is lifted. IT IS ORDERED that once the bankruptcy stay is lifted, Demrex shall have seven (7) days to fully comply with the directives in the November 22, 2011 R&R.
IT IS SO ORDERED.

(Docket Entry No. 115 at 8).

Thereafter, First Sealord filed a Motion for Reconsideration requesting that the Court

clarify that the R&R's directives regarding computer imaging, which this Court had adopted via

its December 21, 2011 Order, apply only to Demrex's computers. (Docket Entry No. 119). This

Court then referred the matter back to Magistrate Judge Michelson, so that she could advise the

Court whether the directives regarding computer imaging in her R&R were intended to apply

only to Demrex or whether the directives were also intended to apply to First Sealord's

3

computers or servers.  (Docket Entry No. 121).

As requested, Magistrate Judge Michelson issued an order, stating that she "intended the recommendation on computer/server imaging to be limited to the Demrex computers."  (Docket Entry No. 122).

Accordingly, the Court hereby GRANTS First Sealord's Motion for Reconsideration and RULES that the computer imaging directives in Magistrate Judge Michelson's R&R, which this Court previously adopted in its December 21, 2011 Order, are limited to the Demrex computers.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 5, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

4